People of the State of Illinois, ex rel. United Theatres Company, Appellee, v. Fred A. Busse, as Mayor, etc., et al., Appellants.

## Gen. No. 15,461.

LICENSE—*when mayor not authorized to refuse, to place of amusement.* Merely because of its location in close proximity to a church which had long been there situated, the mayor has no power to refuse to grant a license to a place of amusement of the moving picture class so-called.

Mandamus. Appeal from the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed May 31, 1911.

**Statement by the Court.** This is a petition in the Superior Court of Cook county for a writ of *mandamus* to compel the defendants to issue licenses to the relator, the United Theatres Company, to carry on and conduct a moving picture entertainment on the premises at Nos. 4739–4741 South Ashland avenue in the city of Chicago, for a period of one year, upon the tender and payment by relator of the license fee required by ordinance. The Superior Court entered an order awarding the *mandamus,* from which order defendants appealed to this court.

The amended petition alleges that the relator is a corporation existing under the laws of Illinois and authorized to conduct an amusement and theatrical business; that it had expended over $13,000 in fitting up certain premises at 4739–4741 South Ashland avenue, of which premises it was the lessee; that it had made application in writing to Fred A. Busse, mayor, and Ernest J. Magerstadt, city collector of the city of Chicago, for a license to conduct such business on the

aforesaid premises; that the application had been referred to and approved by the city electrician and fire marshal; that relator had complied with all the requirements of the city ordinances governing the issuance of said license, but that the said mayor and city collector arbitrarily refused to grant the same. The relator then prays for a writ of *mandamus* to compel the mayor and city collector to issue the license.

The ordinances governing the issuance of licenses for amusement entertainments of this class are set out in the petition, and are as follows:

Chapter 6, Section 99, of the City Ordinances:
"Fifteenth Class:   When in any room, place, premises, or part thereof, any entertainment is carried on, conducted or engaged in, (whether such place be a saloon, or grocery or other place) of the kind commonly known as a mutoscope parlor, penny arcade, or other place where entertainment is furnished through or by one or more automatic moving picture devices or other similar devices, such entertainments shall belong to and be known as entertainments of the fifteenth class."

Chapter 6, Section 101, of the City Ordinances reads:

"*Application for License—Mayor may Refuse—Cause for Refusal.*   Any person or corporation desiring to produce, present, conduct or offer for gain or profit any of the entertainments, exhibitions, or performances mentioned in any of the sixteen classes specified in this chapter, at any place within the city, other than within a duly licensed place as hereinafter provided for, shall make application to the mayor in writing, setting out the full name of the applicant, a description of the kind and class of entertainment he or it intends to offer, and the place at which it is desired to produce, present, conduct or offer such entertainment, exhibition, or performance.   Upon the payment by such applicant to the city collector of the license fee hereinafter specified for the particular class of entertainment such applicant desires a license for the production or presentation of, the city clerk shall issue to such applicant a license authorizing him to con-

316    APPELLATE COURTS OF ILLINOIS.

People ex rel. United Theatres Co. v. Busse, 162 Ill. App. 314.

duct, produce, present, or offer the class of entertainment specified in such license, at the place described in such application and for the period of time specified in such license; *provided,* however, *that if the place at which it is desired to offer such entertainment be not a fit or proper place* and not conducted or maintained in accordance with the provisions of the ordinances of the city governing or controlling such places, or if the entertainment desired to be produced or offered be of an immoral or dangerous character, or if the persons making application for a license be not of good moral character, *the mayor may refuse to approve such application and no license shall be issued* by the city clerk except upon the approval of the application therefor by the mayor."

The amended answer admits the incorporation of the relator; that it is the lessee of the premises; that it has expended money in fitting up the premises; that the city ordinances are as set forth in the petition; that the relator has made application for a license and tendered the license fee in the proper amount; and admits that the mayor and city collector have refused to grant the license.

The answer denies that the relator has complied with all of the city ordinances; and that the action of the defendants is wrongful; but avers that it was within the power of the mayor to deny an application for a license when the location of the place selected is not a *proper place;* that the reason in this case for refusing the license was on account of the proximity of the place to St. Rose of Lima's Church, it being within 118 feet on the same side of the street; that the pastor of said Church had protested in writing against the establishment of a place of amusement so near the church; and that the mayor believing he was conserving the best interests of the city, had refused and still refuses to grant the license to the relator to conduct a place of amusement in said premises.

A general demurrer was filed to this answer, and, on hearing, the demurrer was sustained, with leave to defendants to amend. The defendants excepted to this ruling, and elected to stand by their answer, whereupon judgment was entered

awarding the writ of mandamus as prayed in the petition. The defendants then prayed an appeal to this court.

Appellants assign as error (1) that the court erred in sustaining the demurrer of the relator to the amended answer of the appellants; and (2) that the court erred in awarding the writ of *mandamus* requiring the appellants to issue and deliver the license prayed for in the petition.

Relator contends that the mayor was not justified in refusing to grant a license for a place of amusement on the premises on the ground of its propinquity to a church, because the words of the ordinance "fit and proper," referred to the inherent character and condition of the neighborhood and not to its location; also that appellants in their answer and amended answer do not deny the allegation in the petition that the place was "fit and proper," and therefore admit it, and the *mandamus* was properly issued; also if the ordinance can be construed to authorize the mayor to refuse a license for an amusement concern on account of its location, then the ordinance in that regard is invalid.

Edward J. Brundage and Oscar H. Olsen, for appellants.

Herman Frank, for appellee.

Mr. Justice Baldwin delivered the opinion of the court.

In this case appellants stand upon their contention that "the sole question at issue in this case" is, whether the action of the mayor, in refusing to grant the license in question, for the reason set forth in the amended answer for appellants, that the proposed place of amusement is on the same side of the street and within 118 feet of a church which had been established for thirty years at that point, constituted a proper exercise, by such officer, of the discretion expressly vested in him by the ordinance of the city, or whether such action was an abuse of such discretion. Accordingly, the question directly presented for our decision is whether the phrase in the ordinance "fit and proper place," has, or should have, refer-

318     APPELLATE COURTS OF ILLINOIS.

People ex rel. United Theatres Co. v. Busse, 162 Ill. App. 314.

ence to the physical location of the place at a given street number.

By the 58th clause of section 1 of article 5, chapter 24, of the act relating to Cities, Villages and Towns, prescribing the powers of the city council, power is conferred upon the city council to "regulate places of amusement."

Clause 95 of the same section and act has been recently before our Supreme Court in the case of People v. Busse, 240 Ill. 338. By that clause, the city council is given power "to tax, license and regulate second-hand and junk stores," etc. Under the authority thus conferred, the city council provided, by section 692 of its Municipal Code, as amended July 13, 1908, that "it shall not be lawful for any person or corporation * * * to locate, build, construct or maintain on any street or alley in the city, any building or place used for a junk shop or yard without the written consent of a majority of the property owners in which said junk shop or yard is sought to be built, constructed or maintained." There was thus clearly presented to the Supreme Court the question whether, the charter power conferred upon the city to *regulate* junk shops, enabled the city to determine their location, and the court held squarely against the contention of the city, and decided that it did not.

The Supreme Court has, also, recently held that the business of conducting a theatre is a private business, and that "in respect of the power of the legislature to tax or license it, the business of conducting a theatre is in no different condition from any other business. The legislature may impose a tax upon, or require a license fee, for the exercise of any avocation. The legislature has the same authority over a theatrical business as over any other private business and no more." People v. Steele, 231 Ill. 340 (344).

However commendable the purpose of the Mayor may have been in attempting to prevent the location of this place of amusement in such close proximity to a church long established, we cannot construe the language of the ordinance in such a manner as to effectuate this purpose of the mayor,

without violating the law, as laid down by our Supreme Court.

There being no other question involved in the case, and being of the opinion that the court below did not err in awarding a peremptory writ of *mandamus,* its action will, therefore, be affirmed.

*Affirmed.*